| | |
|---|---|
| UNITED STATES DISTRICT COURT<br>EASTERN DISTRICT OF NEW YORK<br>----------------------------------------------------------------------X<br>MARIA N. SANCHEZ PAEZ,<br><br>        Plaintiff,<br><br>  -against-<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>        Defendant.<br>----------------------------------------------------------------------X | For Online Publication Only<br><br>FILED<br>CLERK<br>3:43 pm, Dec 08, 2022<br>U.S. DISTRICT COURT<br>EASTERN DISTRICT OF NEW YORK<br>LONG ISLAND OFFICE<br><br>**ORDER**<br>22-CV-6597(JMA) |

**AZRACK, United States District Judge:**

Before the Court is the application to proceed in forma pauperis filed by counsel on behalf of Maria N. Sanchez ("Plaintiff") together with her complaint. (See ECF Nos. 1-2.) For the following reasons, the application to proceed in forma pauperis is denied, and Plaintiff is ordered to remit the $402.00 filing fee within fourteen (14) days in order for this case to proceed.

To qualify for in forma pauperis status, the Supreme Court has long held that "an affidavit is sufficient which states that one cannot because of his poverty pay or give security for the costs [inherent in litigation] and still be able to provide himself and dependents with the necessities of life." Adkins v. E.I. Du Pont De Nemours & Co., 335 U.S. 331, 339 (1948) (internal quotation marks omitted). The purpose of the statute permitting litigants to proceed *in forma pauperis* is to ensure that indigent persons have equal access to the judicial system. Davis v. NYC Dept. of Educ., No. 10-cv-3812, 2010 WL 3419671, at *1 (E.D.N.Y. August 27, 2010) (citing Gregory v. NYC Health & Hospitals Corp., No. 07-cv-1531, 2007 WL 1199010, at *1 (E.D.N.Y. Apr. 17, 2007)). The determination of whether an applicant qualifies for in forma pauperis status is within the discretion of the district court. DiGianni v. Pearson Educ., No. 10-cv-0206, 2010 WL 1741373, at *1 (E.D.N.Y. Apr. 30, 2010) (citing Choi v. Chemical Bank, 939 F. Supp. 304, 308 (S.D.N.Y. 1996)). The court may dismiss a case brought by a plaintiff requesting to proceed in

forma pauperis if the "allegation of poverty is untrue." 28 U.S.C. § 1915(e)(2)(A).

Plaintiff's application makes clear that she is being financially supported by another and thus can remit the $402.00 filing fee and still provide herself with the necessities of life. See ECF No. 2. Plaintiff reports that, in the past 12 months, she has received an unspecified sum as income from "her ex-husband [who] provides all support for me and my two children." (See id. ¶ 3.) Plaintiff reports having $360.00 in a savings account and reports regular monthly expenses that total approximately $2,575.00 as well as "credit card payments made by my ex-husband." (See id. ¶ 6.).

Given that Plaintiff is apparently financially supported by another, she is disqualified from proceeding in forma pauperis. Fridman v. City of New York, 195 F. Supp. 2d 534, 537 (S.D.N.Y. 2002) ("In assessing an application to proceed in forma pauperis, a court may consider the resources that the applicant has or 'can get' from those who ordinarily provide the applicant with the 'necessities of life,' such as 'from a spouse, parent, adult sibling or other next friend.'") (quoting Williams v. Spencer, 455 F. Supp. 205, 208-09 (D. Md. 1978) (citing Adkins v. E.I. DuPont de Nemours & Co., 335 U.S. 331, 339-40 (1948)). In other words, "[w]here a litigant is supported or assisted by another person, the Court may consider that person's ability to pay the filing fee." Pierre v. City of Rochester, No. 16-cv-6428, 2018 WL 10072449, at *1 (W.D.N.Y. Dec. 13, 2018). "When an applicant fails to explain how he supports himself, courts generally regard his application as incomplete and insufficient to establish an entitlement to in forma pauperis status." Dan M. v. Kijakazi, No. 22-cv-00664, 2022 WL 2069112, at *2 (D. Conn. May 19, 2022) (citing Amanda M. v. Kijakazi, No. 22-cv-00353, 2022 WL 1395941, at *1 (D. Conn. Apr. 29, 2022) ("Because no one can live on no income and no assets…these sorts of affidavits must be incomplete and, by extension, fail to support in forma pauperis status")).

Accordingly, the application to proceed in forma pauperis is denied and Plaintiff is directed to remit the $402.00 filing fee within fourteen (14) days of the date of this Order. Plaintiff is warned that a failure to timely comply with this Order may lead to the dismissal of the complaint without prejudice and without further notice.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore in forma pauperis status is denied for the purpose of any appeal.  See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

**SO ORDERED**.

Dated:     December 8, 2022                /s/ (JMA)
           Central Islip, New York        JOAN M. AZRACK
                                            UNITED STATES DISTRICT JUDGE